LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100

Attorneys for Plaintiff JOSEPH CACERES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JOSEPH CACERES,                                          **COMPLAINT**

                                    Plaintiff,

                                                         06 CV 1558 (JGK)

        -against-
                                                         <u>Jury Trial Demanded</u>

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
And JOHN and JANE DOE 1 Through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                    Defendants,

-------------------------------------------------------------------------------X

        Plaintiff JOSEPH CACERES, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully allege as follows:

### <u>Preliminary Statement</u>

        1.      Plaintiff brings this action to redress the deprivation under color of statute,

ordinance, custom or usage of rights, privileges and immunities secured to plaintiff by the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42

U.S. §1983, and under the laws and Constitution of the State of New Jersey.  Plaintiff seeks

compensatory damages, punitive damages and attorney's fees pursuant to  and 42 U.S. §1988 for

violations of his civil rights, as said rights are secured by said statutes and the Constitution of the

1

State of New Jersey and the United States.  Plaintiff also asserts common law claims pursuant to the laws and Constitution of the State of New Jersey.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District where the defendant resides.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JOSEPH CACERES is a Hispanic male, and at all relevant times was a resident of the City and States of New York.

7.     Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY ("PORT AUTHORITY") is a public agency that manages and maintains the bridges, tunnels, bus terminals, airports, PATH and seaports in New York and New Jersey, and exists under and by virtue of the laws of the State of New York and New Jersey.

8.     Defendant PORT AUTHORITY maintains the Port Authority Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned public agency, the PORT AUTHORITY.

2

9.  That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.  That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the PORT AUTHORITY.

11.  Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment for defendant PORT AUTHORITY.

12.  Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment for defendant PORT AUTHORITY.

## FACTS

13.  On August 3, 2004, at approximately 4:00 p.m., plaintiff JOSEPH CACERES, a bridge painter for defendant PORT AUTHORITY, was at the PORT AUTHORITY'S impound lot on the New Jersey side of the George Washington Bridge.  Plaintiff had been waiting for some time to pick up his car, which had been towed earlier that day from the New York side of the bridge due to an alleged parking violation.  At approximately 7:00 p.m., plaintiff was unlawfully arrested and strip searched Port Authority police officers JOHN DOES 1-10, and placed in a cell.  Plaintiff was thereafter fingerprinted, and advised by the defendants that he was being held on an outstanding warrant from Bronx County.  Plaintiff explained to the defendant officers that there were no outstanding warrants, and that the individual who was the subject of the warrant was someone whose NYSID number had been mixed up with plaintiff.  Specifically,

3

he advised the officers that the wanted individual was an African-American and younger than the plaintiff.  Notwithstanding that the defendants were aware of information that showed there was no probable cause to detain or strip search the plaintiff, it was not until a few days later that the defendants finally conceded that what plaintiff had been telling them since they first placed plaintiff in custody was in fact true.

As a direct result of the wrongful conduct of the Port Authority and its employees and agents, plaintiff was thereafter illegally detained in the Bergen County Correctional Institution for approximately three days, where he was subjected to further strip searches, until he was released from custody on August 7, 2004.

Further, when plaintiff retrieved his vehicle, a 1991 Nissan Stanza sedan, from the PORT AUTHORITY, the trunk and lock, which were intact when plaintiff last saw the vehicle on August 4, 2004, were damaged.  Defendant JOHN DOE, who took plaintiff to get his car after his release from custody, admitted that they forced open the trunk to look for explosives. Plaintiff did not give permission or authority to the defendants to damage his vehicle.  Even assuming, *arguendo*, that defendants were authorized to search the vehicle, they could have used the keys to the vehicle, and therefore any damage was malicious and unnecessary.

14.    As a result of the foregoing, plaintiff JOSEPH CACERES sustained, *inter alia*, violations of privacy, emotional distress, embarrassment, humiliation, property damage, loss of earnings, and deprivations of his liberty and constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION

15.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" with the same force and effect as if fully set forth herein.

4

16.     All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

17.     All of the aforementioned acts deprived plaintiff JOSEPH CACERES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. § 1983.

18.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

19.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the PORT AUTHORITY and the Port Authority Police Department, all under the supervision of ranking officers of said department.

20.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION

21.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

22.     The strip searches of the plaintiff by defendants were objectively unreasonable and conducted in the absence of individualized suspicion that the plaintiff was in possession of weapons and/or contraband, and in violation of plaintiff JOSEPH CACERES's constitutional rights.

5

23.     As a result of the aforementioned conduct of defendants, plaintiff JOSEPH CACERES was injured.

## AS AND FOR A THIRD CAUSE OF ACTION

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "23" with the same force and effect as if fully set forth herein.

25.     Defendants had an affirmative duty to intervene on behalf of plaintiff JOSEPH CACERES, whose constitutional rights were being violated in their presence by other officers.

26.     The defendants failed to intervene to prevent the unlawful conduct described herein.

27.     As a result of the foregoing, plaintiff JOSEPH CACERES's liberty was restricted for an extended period of time and he were humiliated and subjected to handcuffing and other physical restraints, imprisonment, and repeated strip searches, without probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

30.     As a result of the foregoing, plaintiff JOSEPH CACERES was deprived of his right to substantive due process.

## AS AND FOR A FIFTH CAUSE OF ACTION

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     As a result of the aforesaid conduct by defendants, plaintiff JOSEPH CACERES were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and strip searched without any probable cause, privilege or consent.

33.     As a result of the foregoing, plaintiff JOSEPH CACERES's liberty was restricted for an extended period of time, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A SIXTH CAUSE OF ACTION

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36.     The aforementioned customs, policies, usages, practices, procedures and rules of the Port Authority Police Department included, but were not limited to, unlawfully conducting inadequate warrant checks and investigations prior to making arrests, and maintaining a policy, custom or practice of strip searching arrestees in the absence of individualized suspicion that said individuals are in possession of weapons or contraband.  In addition, the PORT AUTHORITY engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that were the moving force behind the violation of plaintiff JOSEPH CACERES's rights as described herein.  As a result of the failure of the PORT AUTHORITY to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant PORT AUTHORITY has tacitly authorized, ratified, and has been

deliberately indifferent to, the acts and conduct complained of herein.

37.     The foregoing customs, policies, usages, practices, procedures and rules of the PORT AUTHORITY and the Port Authority Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSEPH CACERES.

38.     The foregoing customs, policies, usages, practices, procedures and rules of the PORT AUTHORITY and the Port Authority Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSEPH CACERES as alleged herein.

39.     The foregoing customs, policies, usages, practices, procedures and rules of the PORT AUTHORITY and the Port Authority Police Department were the moving force behind the constitutional violations suffered by plaintiff JOSEPH CACERES as alleged herein.

40.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the PORT AUTHORITY and the Port Authority Police Department, plaintiff JOSEPH CACERES were unlawfully stopped, seized, arrested, detained, incarcerated, and subjected to illegal strip searches.

41.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEPH CACERES's constitutional rights.

42.     All of the foregoing acts by defendants deprived plaintiff JOSEPH CACERES of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from seizure and arrest not based upon probable cause;

      C.     To be free from unwarranted and illegal strip searches; and

      G.     To be free from the failure to intervene.

43.     As a result of the foregoing, plaintiff JOSEPH CACERES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Pendant State Law Claims**

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the PORT AUTHORITY a Notice of Claim setting forth all facts and information required under applicable law.

46.     The PORT AUTHORITY has wholly neglected or refused to make an adjustment or payment thereof and more then six months have elapsed since the presentation of such claim as aforesaid.

47.     This action was commenced within two (2) years after the cause of action herein accrued.

48.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     As a result of the foregoing, plaintiff JOSEPH CACERES was placed in apprehension of imminent harmful and offensive bodily contact.

51.     As a result of defendant's conduct, plaintiff JOSEPH CACERES has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

9

## AS AND FOR AN EIGHTH CAUSE OF ACTION

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants made offensive contact with plaintiff without privilege or consent.

54.     As a result of defendant's conduct, plaintiff JOSEPH CACERES has been injured.

## AS AND FOR A NINTH OF ACTION

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendant police officers arrested plaintiff JOSEPH CACERES in the absence of probable cause and without a warrant.

57.     As a result of the aforesaid conduct by defendants, plaintiff JOSEPH CACERES were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and strip searched.

58.     The aforesaid actions by the defendants constituted a deprivation of plaintiff' JOSEPH CACERES's rights.

## AS AND FOR A TENTH CAUSE OF ACTION

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     As a result of the foregoing, plaintiff JOSEPH CACERES was falsely imprisoned, his liberty was restricted for an extended period of time, and he was humiliated and subjected to handcuffing and other physical restraints.

61.     Plaintiff JOSEPH CACERES was conscious of said confinement and did not

consent to same.

62.    The confinement of plaintiff JOSEPH CACERES was without probable cause and was not otherwise privileged.

63.    As a result of the aforementioned conduct, plaintiff JOSEPH CACERES has suffered embarrassment, humiliation, shock, fright and loss of freedom.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION

64.    Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

66.    The aforementioned conduct was committed by defendants while acting within the scope of their employment for defendant PORT AUTHORITY.

67.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment for defendant PORT AUTHORITY.

68.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JOSEPH CACERES.

69.    As a result of the aforementioned conduct, plaintiff JOSEPH CACERES suffered emotional distress, embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A TWELFTH CAUSE OF ACTION

70.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    The defendants unlawfully searched and damaged plaintiff's property, to wit:

1991 Nissan sedan, without permission, authority, or any legal justification.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "71" with the same force and effect as if fully set forth herein.

72.     Upon information and belief, defendant PORT AUTHORITY failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSEPH CACERES.

73.     Defendant PORT AUTHORITY knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION

74.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Upon information and belief the defendant PORT AUTHORITY failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JOSEPH CACERES.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant PORT AUTHORITY and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION

78.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.   Defendant PORT AUTHORITY is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

80.   As a result of the foregoing, plaintiff JOSEPH CACERES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOSEPH CACERES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
February 22, 2006

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff JOSEPH CACERES

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOSEPH CACERES,

                                        Plaintiff,

                                                                06 CV 1558 (JGK)

            -against-

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,
And JOHN and JANE DOE 1 Through 10, individually and in their
official capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants,

--------------------------------------------------------------------------------X


# COMPLAINT


**LEVENTHAL & KLEIN, LLP**
**45 Main Street, Suite 820**
**Brooklyn, New York 11201**
**(718) 556-9600**

**Attorneys for Plaintiff JOSEPH CACERES**

14